### SMITH v. ACRITELLI et al.

(Supreme Court, Appellate Term. January 21, 1910.)

LANDLORD AND TENANT (§ 314*)—RE-ENTRY—SUMMARY PROCEEDINGS—REDEMPTION.

> In a proceeding by a mortgagee of a lease to redeem the premises in accordance with Code Civ. Proc. § 2257, after a warrant in summary proceedings, where it appeared that a sum received by the landlord during his possession was held solely as a deposit under a lease to a tenant not a party to the proceeding, it was error to order the landlord to account for this sum as rents received from the premises, to be deducted from the sum required to redeem.
>
> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1327; Dec. Dig. § 314.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Summary proceedings by Eliza J. Smith, as executrix, for the possession of leased premises, in which Julius Lowenthal, a mortgagee of the tenant, filed a petition to redeem. From an order made under Code Civ. Proc. §§ 2256–2259, permitting redemption, the landlord appeals. Modified.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

A. Fred Silverstone and Hyman Cohen, for appellant.

Sondheim & Sondheim (Eugene Sondheim, of counsel), for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER·CURIAM. The owner of a mortgage upon a lease of certain premises in the city of New York has brought this proceeding for a redemption of the premises in accordance with section 2257 of the Code. The trial justice has made an order fixing the amount of rent in arrears and the charges and costs incurred by the landlord up to the date of the redemption at the sum of $7,795, the amount of the rents and profits received by the landlord during her possession at the sum of $8,392.83, and the amount expended by the landlord during her possession for necessary repairs and other charges at the sum of $1,701.75.

A careful examination of the testimony discloses no error in the amount fixed by the justice for arrears and charges up to the date of redemption. We find, however, the trial justice has erred in including in the amount of rents and profits received from the premises the sum of $625, which it appears from the testimony was received by the landlord and is held by her solely as deposit under a lease to a tenant of the premises. The tenant is not a party to this proceeding, and has apparently a right to hold the landlord for this amount. It would therefore be unjust to order the landlord to account for this sum as rents and profits from the premises. We also find that the trial justice erred in allowing the landlord only the sum of $213.70 for electricity supplied to the premises during her occupancy. It appears from the testimony that between May 20, 1908, and December 8, 1908, the charges for electricity amounted to $230, from December 10, 1908, to May 20, 1909, the charges amounted to $195.08, and from May 20 to May 24, 1909, the charges amounted to $28.62, making a total of $453.70, and we think this amount should have been credited to the landlord. We also find that the landlord, according to the undisputed evidence, paid $142.50 for plastering the toilets and for painting store and lofts, and that both these charges were necessary and proper. We therefore find that the justice should have allowed this additional amount. We find no other errors in the conclusions of the trial justice.

The order should therefore be modified, in accordance with this opinion, by deducting from the rents with which the landlord is chargeable the amount of $625, and by adding to the expenses with which the landlord is to be credited the amount of $382.50, and, as so modified, affirmed, with costs to this respondent.